VALENTINE, constable, *v.* KWILECKI *et al.*

If pending a rule in the superior court against a constable for failure to make the money on certain justice's court *fi. fas.* in his hands, he puts himself in default by failing to sell, without any legal excuse, the property on which he had levied the *fi. fas.* previously to the rule being brought, such default may be alleged by way of amendment to the rule, and the rule may be made absolute as a consequence of that default together with his omission to take a forthcoming bond or retain possession of the property levied upon, which omission occurred before the rule was brought.

March 26, 1892.   Argued at the last term.          *Judgment affirmed.*

Rule against constable. Amendment. Practice. Before Judge BOWER. Decatur superior court. May adjourned term, 1891.

The petition alleged that Valentine, the constable of the 1188th district G. M., had had two *fi. fas.* of Kwilecki and Russell against Reynolds, issued from the justices' courts of the 513th and 635th districts G. M., in his hands long enough to have made the money due, and had not done so, and that the defendants in *fi. fa.*

resided in the 1188th district. Rule *nisi* was granted May 13, 1891. The respondent in his answer denied that he had had the *fi. fas.* a sufficient time to make the money, and stated that he levied the *fi. fa.* upon sufficient property to pay the claim, but the property was claimed by Powell Brothers and held up until the first Saturday in May, 1891, when the same was dismissed, and respondent is proceeding to advertise for same [sale] on next sale day, which will be the first Tuesday in June, 1891, at which time he will sell the same unless stopped by legal process. An amendment to the original rule alleged as follows : The constable levied the *fi. fas.* October 20, 1890, and Powell Brothers filed claims which were returned to the justice's court of the district for trial, the constable failing to require a forthcoming bond from claimants or any one. At the May term, 1891, of the justice's court the claims were withdrawn, and the constable advertised the property for sale on the first Saturday in June, 1891, notifying the plaintiffs to be present and bid on the property. On said sale day plaintiffs by their attorney were present, but the property was not forthcoming to be sold, but in lieu of it Valentine accepted a bond in the sum of $100, signed by Maston O'Neal as principal, and another as security, indemnifying him, the constable, against any judgment or decree that might be rendered by this court against the constable in this rule, and instead of selling the property left it in the custody and control of O'Neal, who is not a party in any respect to the *fi. fas.* or claims and who is now using the property, when it should have been sold and appropriated to the *fi. fas.* This amendment was allowed. An amended answer admitted the return of the claims to the 1188th district and notification to plaintiffs' attorney that it had been done, and stated that the cases were continued from term to term to effect "the settlement offered by M. O'Neal until the

claim was withdrawn by Captain Gurley, and it was then for the first time I learned they were returned to the wrong court." The answer admitted the taking of the indemnifying bond and refusal to sell after advertisement, as stated in the amended rule. Upon the hearing defendant's counsel moved to strike the amendment to the rule, on the ground that it set out a new and distinct cause of action, which motion was overruled, and defendant excepted.

It was admitted, pending the trial, that advertisement for the sale of the property was made the first Saturday in June, 1891, and the constable had the *fi. fas.* in his possession on that day; that the claims of Powell Brothers were on the first Saturday in May, 1891, at the justice court of the 1188th district, withdrawn by Gurley, attorney representing the claimants; that the magistrate entered on his docket "claim withdrawn," and a judgment for costs was entered up by plaintiffs' attorney; that claimants' attorney took no order transferring the claim to any other court, insisting that the above named court had no jurisdiction of the claims, for the reason that the *fi. fas.* emanated from justice courts of different districts; that soon after the levies were made, in October, 1890, O'Neal, attorney for claimants, promised plaintiffs' attorney repeatedly that he would pay off the *fi. fas.,* as he had knowingly bought the property subject to the liens of plaintiffs' judgment—thereby disposing of the claims and saving plaintiffs the necessity of attending court to try them, and in pursuance of the promise did pay constable's cost of levy, etc.; that as O'Neal failed to pay off the *fi. fas.* as promised, plaintiffs' attorney put him on notice that he would attend the court on the first Saturday in May, 1891, and press the cases for trial, when Gurley, representing claimants, appeared at the court and withdrew the claims by entering on the claim affidavit and bond "claim with-

drawn," whereupon plaintiffs' attorney entered up judgment for costs. O'Neal stated in the presence of the court on the trial of the rule, that he did state to the constable, on the first Saturday in June, 1891, when the property was readvertised to be sold, that as plaintiffs had seen proper to rule him for the money in the superior court, they might get it that way, and not sell the property.

By consent the case was heard by the judge without the intervention of a jury. He found against the constable and ordered that he pay over to plaintiffs in *fi. fa.* the amount due by a day stated, or in default show cause why he should not be attached for contempt. To this decision also the constable excepted.

O. G. GURLEY, by brief, for plaintiff in error.

No appearance *contra.*